COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, CA 94306-2112
T +1 650 632 4700

**By CM/ECF**

February 3, 2025

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re: *Camacho v. American Express Company*, No. 1:24-cv-02408 (S.D.N.Y.)**

Dear Judge Cronan:

Defendant American Express Travel Related Services, Inc. (incorrectly named as American Express Company) respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the January 28, 2025 memorandum opinion in *Boulton v. Community.com, Inc.*, -- F. App'x --, 2025 WL 314813 (9th Cir. 2025), attached as Exhibit A. *Boulton*, which was decided after the parties finished briefing on American Express's Motion to Dismiss the Amended Complaint (ECF No. 19), provides further support for American Express's motion.

In *Boulton*, the Ninth Circuit affirmed the dismissal with prejudice of a plaintiff's claims under Sections 631(a) and 632 of the California Invasion of Privacy Act. The plaintiff in that case asserted that the defendant, a technology platform allowing subscribers to send text messages to celebrities, had unlawfully intercepted texts that the plaintiff sent to a celebrity using that platform. *Boulton*, 2025 WL 314813, at *1. The Ninth Circuit held that the plaintiff failed to state a claim under Section 631(a) because the purportedly intercepted text messages had already been "received" by the recipient and so "could not have been accessed 'in transit' within the meaning of [Section] 631(a)." *Id.* The Ninth Circuit further rejected the plaintiff's argument that Section 631(a) applies to any communication that is "merely received in California," noting that this "interpretation is one of 'extraordinary breadth'" and was not "persuasive." *Id.*

The Ninth Circuit also affirmed dismissal of the Section 632 claim because that provision applies only to "confidential" communications, and "text message are by nature recorded and so cannot be 'confidential'" within the meaning of the statute. *Id.* at *2. Recognizing that California courts have found internet chat messages not to be "confidential" under Section 632 because they "can be instantaneously shared with thousands of others via the internet," *Boulton* explained that text messages are similar because they are inherently "a recorded medium." *Id.*

*Boulton* provides additional support for the arguments American Express raised in support of its Motion to Dismiss the Amended Complaint. *See* ECF No. 20 at 16–17, 19–20; ECF No. 25 at 6–7.

Respectfully submitted,

*/s/ Kathryn E. Cahoy*

Kathryn E. Cahoy