```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
PHILIP CAMACHO, individually and on behalf of all                      :
others similarly situated,                                             :
                                                                       :
                              Plaintiff,                               :
                                                                       :
               -v-                                                     :   24 Civ. 2408 (JPC)
                                                                       :
AMERICAN EXPRESS COMPANY,                                              :         ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On December 11, 2024, Plaintiff Philip Camacho filed a brief opposing Defendant American Express Company's ("American Express") motion to dismiss the First Amended Complaint. Dkt. 23 ("Opposition"). In his Opposition, Camacho discusses the Honorable William H. Orrick's opinion in *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023) in the context of American Express's argument that the First Amended Complaint has not plausibly alleged the use of a "device" under the California Invasion of Privacy Act ("CIPA"). Specifically, Camacho states that "[t]he *Doe* court also chastised Meta for 'fabricating' the argument by citing cases decided under a different section of the statute." Opposition at 16. In support of that contention, Camacho presents the following language as a direct quote from the *Doe* opinion:

> Indeed, Meta has fabricated this argument by pointing to the definition of a separate term — "electronic tracking device[s]"—found in an entirely different provision of CIPA regarding location tracking. … Meta cites no authority for interpreting these two different terms in two different sections regulating different conduct in the same manner.

*Id.* (purporting to quote *Doe*, 690 F. Supp. 3d at 1080) (alteration and ellipses in Opposition). On page 15 of his Opposition, Camacho presents another quote, also purportedly from the *Doe* opinion, in which the *Doe* court supposedly characterized the holding of the decision in *Lopez v.*

*Apple, Inc.*, 519 F. Supp. 3d 672, 690 (N.D. Cal. 2021) as "finding the 'Siri software' to be 'device'" and the holding of the decision in *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1042 (N.D. Cal. 2014) as "accepting allegations that Apple used a 'electrical tool' to be a 'device' under analogous Wiretap Act." Opposition at 15 (purporting to quote *Doe*, 690 F. Supp. 3d at 1080). Based in part on all of this quoted language, Camacho urges the Court to "follow this well-reasoned decision." *Id.* at 16.

Although certain other language quoted on page 15 of the Opposition does appear in Judge Orrick's opinion in *Doe*, the Court has unfortunately not been able to locate the foregoing quotes in that decision. Accordingly, on or before June 6, 2025, Camacho shall identify the source of the quoted language specified above and file two copies of that source on the docket. One copy shall be a clean version of the relevant source and the second copy shall contain highlights specifically identifying the quotes mentioned above.

SO ORDERED.

Dated: June 4, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge